

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1969

Honorable Henry B. Hardt, Ph.D.          Opinion No. M-453
President, State Board of Examiners
   in the Basic Sciences                 Re:  Construction of S.B. 667,
1012 State Office Building                    Acts of the 61st Legis-
Austin, Texas  78701                          lature, R.S., 1969, re-
                                              lating to licensing of
Dear Dr. Hardt:                               "psychologists".

          The first question posed by your request for the opinion
of this office asks:

          "1.  As set forth in S.B. No. 667, are the
     'psychological services' and 'practice of psy-
     chology' to be rendered by holders of licenses
     from the State Board of Examiners of Psychologists
     construed to be a practice of the healing art or
     any branch thereof?"

          Sections 2 and 3 of Senate Bill 667, Acts of the 61st
Legislature, Regular Session, 1969, the bill to which your request
refers, provide:

          "Sec. 2.  Definitions.  In this Act, unless
     the context otherwise requires:

          "(a) 'Board' means the Texas State Board of
     Examiners of Psychologists provided for by this
     Act.

          "(b) A person represents himself to be a
     'psychologist' within the meaning of this Act
     when he holds himself out to the public by any
     title or description of services incorporating the
     words 'psychological,' 'psychologists' or 'psy-
     chology,' or offers to render or renders services
     to individuals, corporations, or the public for
     compensation.

          "(c) The term 'psychological services,'
     means acts or behaviors coming within the purview

- 2248 -

of the practice of psychology.

> "Sec. 3. <u>Practice of Medicine Not Authorized.</u>
> <u>Nothing in this Act shall be construed as per-</u>
> <u>mitting the practice of medicine as defined by</u>
> <u>the laws of this state."</u>  (Emphasis added.)

Article 4510, Vernon's Civil Statutes, defines the practice of medicine in these terms:

> "Any person shall be regarded as practicing medicine within the meaning of this law:

> "(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures there- of; (2) or who shall diagnose, treat or offer to treat any disease or disorder, mental or physical or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation; provided, however, that the provi- sions of this Article shall be construed with and in view of Article 740, Penal Code of Texas, and Article 4504, Revised Civil Statutes of Texas as contained in this Act."

Section 3 of S.B. 667 specifically forbids the practice of medicine and must be read in conjunction with Section 2c de- fining the term "psychological services" as meaning "acts of behavior coming within the purview of the practice of psychology" to thus exclude those services or treatments which are defined as the practice of medicine by Article 4510, Vernon's Civil Statutes. "Psychological services and practice of psychology" to be rendered by holders of license from the State Board of Examiners of Psychologists would not be considered as the practice of the healing art or any branch thereof under the terms of S.B. 667.

As the remaining three questions presented in your opinion request are predicated upon an answer to your first question contrary with the answer given, they become moot and will not be discussed herein.

## S U M M A R Y

Psychological services and practice of psychology, as defined by Senate Bill 667, Acts of the 61st Legislature, Regular Session, 1969, are not construed to be a practice of the healing art or any branch thereof.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman
Brandon B. Bickett
John Banks
Milton Richardson
Sally Phillips

HAWTHORNE PHILLIPS
Executive Assistant

W. V. GEPPERT
Staff Legal Assistant